UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. 5:22-CV-113-KKC

ESTATE OF WILLIAM COLT HALL,
by and through its Administratrix,
Christina Hall, *et al.*,                                                                                       PLAINTIFFS,

v.                                               **OPINION AND ORDER**

UNITED STATES OF AMERICA, *et al.*,                                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion to decline jurisdiction and dismiss (DE 34) filed by Defendants Saint Joseph Health System, Inc. and Saint Joseph Mount Sterling (collectively, "Saint Joseph"). For the following reasons, the Court will deny Saint Joseph's motion to decline jurisdiction and dismiss.

**I.   BACKGROUND**

This action for medical negligence arises out of the 2020 labor and delivery of infant William Colt Hall ("Colt") at Saint Joseph in Mount Sterling, Kentucky. The Estate of William Colt Hall (the "Estate") initially filed a lawsuit against Saint Joseph in Montgomery Circuit Court on November 3, 2021. In its state action, the Estate asserts that Saint Joseph nurses were negligent in the monitoring of the labor before and during the emergency c-section.

Subsequently, the Estate filed an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, against the United States in this Court on May 3, 2022. The Estate alleges negligence in the handling of the birth against Dr. Byram Ratliff, M.D., and Shane Hirst, CNM, both of which are employed by the United States. The Estate later amended its complaint to include Saint Joseph as defendants and to incorporate allegations against Saint

1

Joseph nurses almost identical to those found in its state-court complaint.

Discovery for both the state and federal actions have commenced—with the parties coordinating and taking depositions for purposes of both actions. Further, counsel from both state and federal cases have been participating in the discovery process.

On December 6, 2023, Saint Joseph filed a motion to dismiss (DE 34) that asks the Court to abstain from hearing this case because of the existence of the concurrent state-court proceedings.[1] The Estate responded to the motion and Saint Joseph filed a reply. (DEs 36, 37.) Now that the motion is ripe for review, the Court turns to Saint Joseph's argument for abstention under the *Colorado River* doctrine.

## II. ANALYSIS.

Saint Joseph asks that the Court abstain from hearing this case pursuant to the *Colorado River* doctrine. Under this doctrine, abstention from a case by a federal court is permissible when: (1) there is "parallel" litigation pending in state and federal courts; and (2) the proposed litigation in federal court would be duplicative or unwise. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976).

### A. Parallel Litigation

"Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "[E]xact parallelism" is not required; "[i]t is enough if two proceedings are substantially similar." *Id.* at 340 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir.

---

[1] Specifically, Saint Joseph asks that the Court abstain from hearing the state-law claims found in the Estate's amended complaint. The Court has found no case law suggesting that it can abstain from only some claims under the *Colorado River* doctrine. Accordingly, the Court will interpret the motion as requesting abstention from the case in its entirety.

2

1985)). Where the parties are substantially similar and the claims raised in both suits are predicated on the same allegations as to the same material facts, the two actions are considered parallel for the purposes of *Colorado River* abstention. *Id.* Further, "the argument that abstention is inappropriate because the federal cause of action included parties not present in the state proceedings is not relevant to *Colorado River* abstention." *Id.* (quotation marks omitted).

Here, the state and federal proceedings are sufficiently parallel because both complaints are predicated on the same factual allegations. The labor, delivery, and unfortunate death of infant Colt gave rise to both actions. Both actions pursue claims against Saint Joseph through the actions of its employees. In fact, the factual allegations in the amended federal complaint are identical to the factual allegation in the state complaint. That state courts do not have jurisdiction to hear the FTCA claims is no bar to abstention as long as the material facts underlying the claims and the parties are substantially similar. *Id.* Such is the case here. Accordingly, the Court finds that the two actions are sufficiently parallel.

### B. *Colorado River* Factors

Given that the state and federal proceedings are sufficiently parallel, the Court must consider the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 395 (6th Cir. 2019). These factors are not a mechanical checklist; rather, they are considerations that must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

3

**First**, it is undisputed that the state court has not assumed jurisdiction over any res or property in this matter. The Sixth Circuit has explained in *Romine v. Compuserve Corp.*, which Saint Joseph heavily relies on in its motion, that this factor "weighs against abstention" when there is no res or property at issue. 160 F.3d 337, 341 (6th Cir. 1998). Accordingly, this factor weighs against abstention.

**Second**, the federal forum would be slightly less convenient to the parties because "Saint Joseph is located in Mount Sterling, Kentucky" and "this matter will undoubtedly involve several hospital witnesses who reside in or around the Montgomery County area." (DE 34-1 at 4.) The Estate does not contest these facts and instead claims that it only intends to call one Saint Joseph witness and requiring them to travel 30 miles "is not so burdensome." (DE 36 at 8.) Yet Saint Joseph is correct in noting that there is nothing binding the Estate to its claim of calling only one witness. Further, this factor "relates to geographical considerations[.]" *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001). The federal forum is only 30 miles away from the state venue. Thus, this factor weighs slightly in favor of abstention.

**Third**, abstention in this case would result in some piecemeal litigation. This factor is paramount and "occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. While it is true that both actions contain the same allegations regarding the state-law claims and that may constitute piecemeal litigation if both proceed, it is significant that the FTCA claims in the federal action do not address an "identical issue." The Estate's federal claims are centered around the actions of Byram Ratliff and Shane Hirst in the labor and delivery of infant Colt, while its state claims focus on Saint Joseph nurses and their failure to follow appropriate protocol and safeguards in the labor and delivery unit. Both may involve the same underlying facts, but the Court cannot find that the FTCA claims present "identical issue[s]" as those found in the state action.

4

Further, the Sixth Circuit has previously explained that "the desire to avoid litigating a single issue in multiple forums" can sometimes be insufficient to overcome a strong federal policy. *See PaineWebber, Inc.*, 276 F.3d at 207 (noting that federal law has required piecemeal resolution when necessary to give effect to an arbitration agreement). Here, the federal government chose to give district courts exclusive jurisdiction over FTCA claims. The Estate's only avenue to bring tort claims against the United States is through the federal courts and pursuant to the FTCA. Even if refusing to abstain would result in some piecemeal litigation of state-law claims, the Court finds that its impact fails to overcome the federal policy of having federal courts, and federal courts alone, hear FTCA claims.

**Fourth**, the state action was filed before the federal action. Yet the Estate argues that because it filed its Form 95s—required documentation to pursue FTCA claims—before it filed the state action, the Court should consider those filings as the starting point for purposes of this factor. Saint Joseph concedes that whether the Form 95s confer jurisdiction before the filing of the state action is "debatable." (DE 37 at 4.) Regardless, it argues that this factor supports abstention because the state action is set for trial before this action.

When evaluating this factor, courts should not look exclusively to when each complaint was filed but consider "how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Saint Joseph does not appear to dispute the Estate's claim that "[b]oth the state court action and the federal court action have proceeded in tandem with all parties and counsel present for the deposition of all witnesses and the depositions being captioned and styled for use in both, or either, action." (DE 36 at 9.) Given this agreement and the debate over whether the Form 95s confer jurisdiction first, the Court finds that this factor remains neutral under the *Colorado River* analysis.

**Fifth**, the source of governing law is state law because this matter consists of medical negligence claims. This factor weighs in favor of abstention.

5

**Sixth**, the state court action is inadequate to protect the federal plaintiff's rights. Both parties agree that federal courts have exclusive jurisdiction over FTCA claims. In other words, the Estate cannot pursue its FTCA claims in state court if this Court were to abstain under *Colorado River*. Accordingly, this factor weighs against abstention.

**Seventh**, as explained in the Court's discussion of the fourth factor, both state and federal actions have "proceeded in tandem." (DE 36 at 9.) Saint Joseph would nonetheless argue that the "relative progress" of the state action is further along because its trial is set to begin before the federal action's trial. If that alone supports abstention, the Court finds that its impact is minor.

**Eighth**, there is not concurrent jurisdiction in this matter. As discussed in the sixth factor, state courts do not have jurisdiction to hear FTCA claims. Accordingly, this factor weighs against abstention.

Here, the Court finds that the *Colorado River* factors weigh against abstention. The Estate intentionally brought FTCA claims against the United States and its agents for their role in the labor and delivery of the late infant Colt. Before the Estate started its action in state court, it filed Form 95s with the intention of bringing these federal claims. Now, Saint Joseph would have the Court effectively stop its federal action while the state court litigates the state claims. Because both actions have proceeded at the same pace, the geographical distance of the federal venue is not overly burdensome, and this Court has exclusive jurisdiction over the FTCA claims, the Court finds it appropriate to deny Saint Joseph's motion.

## III. CONCLUSION.

For the aforementioned reasons, the Court hereby ORDERS that Saint Joseph's motion to decline jurisdiction and dismiss (DE 34) is DENIED.

This 16th day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY