# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION-LEXINGTON

| | |
|---|---|
| ESTATE OF WILLIAM COLT HALL, by and through its Administratrix, CHRISTINA HALL, *et al.* </br>    Plaintiffs </br> v. </br></br> UNITED STATES OF AMERICA *et al.* </br>    Defendants | ) </br> ) </br> ) </br> ) Case No.: 5:22-CV-113 </br> ) </br> ) *ELECTRONICALLY FILED* </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONVERT THE BENCH TRIAL TO A JURY TRIAL

\* \* \* \* \* \* \* \* \* \* \* \*

Come the Plaintiffs, by and through the undersigned counsel, and for their Memorandum in Support of their Motion to Convert the Bench Trial to a Jury Trial herein, state as follows:

The bench trial of this matter is currently set for July 14, 2025. However, because St. Joseph Mt. Sterling is now a party and is not entitled to the protection of the Federal Tort Claims Act, Plaintiffs are entitled to a jury trial as to those claims. Further, because all of Plaintiffs claims are akin to common-law medical negligence claims and are protected by the Seventh Amendment, this Court should try all matters to a jury. In the alternative, the Court must allow the jury to issue a binding verdict as to St. Joseph Mt. Sterling, and it should use the jury's verdict as advisory to the Court in making its determinations as to FTCA Defendants.

## I. Plaintiffs Are Entitled to a Jury Trial as to Saint Joseph Mt. Sterling

Originally, Plaintiffs sued St. Joseph Mt. Sterling in Kentucky state court, where they had a right to try the case in front of a jury. *See* Ky. Const. § 7. However, because this Court exercised supplemental jurisdiction over St. Joseph Mt. Sterling in a case that was originally filed against two federally employed healthcare providers, covered by the Federal Tort Claims Act, 42 U.S.C. § 233, 28 U.S.C. § 2402, 28 U.S.C. § 1346, it is now set for a bench trial pursuant to the Act.

Plaintiffs are entitled to a jury trial as to St. Joseph Mt. Sterling because it does not fall under the Federal Tort Claims Act, and the action is legal in nature which invokes the 7th Amendment. The Seventh Amendment applies to all suits that are "legal in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989). What matters is the substance of the suit. *SEC v. Jarkesy*, 144 S. Ct. 2117, 2136 (2024). [Opinion Attached hereto as Exhibit 1]. The cause of action's nature and remedy determine whether a suit is legal in nature, and whether the right to a jury trial attaches. *Id*. Litigants bringing common-law claims seeking legal remedies are entitled to a trial by jury.

When a party seeks compensatory and/or punitive damages, as opposed to injunctive relief, the nature of the suit is legal in nature. *See Hilldebrand v. Bd. Of Trustees of Mich. State Univ.*, 607 F2d 705 (6th Cir. 1979). Here, Plaintiffs are entitled to trial by jury as to St. Joseph Mt. Sterling.

## II. **The 7th Amendment Requires Trial by Jury in this Case** as to All Defendants

The 7th Amendment to the United States Constitution provides, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial

by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

Here, a bench trial was set because Defendants Ratliff and Hirst are covered by the Federal Tort Claims Act. As Judge Thapar questions in his concurrence to *Profitt v. Highlands Hospital Corp., et. al*, 7:19-15-KKC (E.D. Ky. Apr. 28, 2022), how is this squared with the Seventh Amendment? [Opinion and Concurrence Attached hereto as Exhibit 2]. Historically, the answer was sovereign immunity; however, this only makes sense when the defendant is a government agent. And, absent the statutory scheme of the Federally Supported Health Centers Assistance Act and FTCA, the doctor and midwife Defendants would not be considered federal employees; they only are because they work for a clinic that receives some federal funding. Like the litigant in the *Profitt* case, the Halls believed they were seeing a private physician at a private hospital and would have therefore been entitled to the Seventh Amendment right to trial by jury.

As is true in Judge Thapar's concurrence in the *Profitt* case, under the framework laid out by the U.S. Supreme Court in *Jarkesy*, the Seventh Amendment should apply to this case. Like in *Profitt*, Plaintiffs' claims are "the paradigmatic example of a 'suit at common law.'" Meanwhile, the FTCA does not create a new cause of action, it simply borrows from Kentucky's medical malpractice law at common law. *Id.* "[T]he founding generation litigated medical malpractice in common-law courts before a jury." *Id.* (citing *Bray*, 97 F.4th at 421 (Thapar, J., concurring); *see e.g., Cross v. Guthery*, 2 Root 90, 91 (Conn. Super. Ct. 1794)). Moreover, Plaintiffs seeking money damages are the "prototypical common law remedy." *Id. (citing Jarkesy*, 144 S. Ct. at 2129). Yet, the FTCA denies these Plaintiffs a jury trial.

3

As Judge Thapar concludes, "the FSHCAA and FTCA pose grave Seventh Amendment issues." *Id*. *Jarkesy* instructs us to look at the substance of the claims, not who's on either side of the 'v' to determine whether the Seventh Amendment applies. "Although [Plaintiffs] are suing the government, the substance of [their] claim is Kentucky medical-malpractice law." *Id.*

In *Jarkesy*, the United States Supreme Court held where the SEC seeks civil penalties against a defendant for securities fraud, the Seventh Amendment entitles the defendant to a jury trial. The Court found that the SEC's antifraud provisions replicate common law fraud, and thus implicate the Seventh Amendment. To enforce the antifraud provisions of the Securities Exchange Act, the SEC may bring an enforcement action either for the SEC to adjudicate itself, or it can file suit in federal court. However, the SEC's choice of forum dictates two aspects of litigation: the procedural protections enjoyed by the defendant, and the remedies available to the SEC. Procedurally the forums differ in who presides and makes legal determinations, what evidentiary and discovery rules apply, and who finds facts. Most pertinently, in federal court a jury finds the facts, depending on the nature of the claim. *Jarkesy*. An Article III Judge presides, and the litigation is governed by the Federal Rules of Evidence. However, when the SEC adjudicates the matter in-house, there are no juries.

The SEC pursued civil penalties against Jarkesy and Patriot28 "in-house,"" through the administrative process, and levied a civil penalty of $300,000 against them. However, Jarkesy and Patriot28 sought judicial review. The Fifth Circuit applied the two-part test from *Granfinanciera, S.A. v. Nordbert*, 492 U.S. 33 (1989) and found the adjudication in-house violated Jarkesy and Patriot28's Seventh Amendment rights

because the antifraud claims were "akin to a traditional action in debt" in which a jury trial is constitutionally required, if requested by a litigant. *Id.* Since the SEC's antifraud provisions replicate common law fraud, the Supreme Court agreed; it is well-established that common-law claims must be heard by a jury. *Id.* Finding no public rights exception for special adjudication, the Court ultimately held the defendants' Seventh Amendment rights had been violated and they were entitled to a jury trial on the matters. *Id.*

Here, Plaintiffs' claims are akin to common law medical malpractice claims, though partially covered by the FTCA as to Dr. Ratliff and midwife Hurst. As to St. Joseph Mt. Sterling, the claims *are* common law medical negligence claims and Plaintiffs are certainly entitled to a trial by jury. However, even with both claims joined and the FTCA governing part of the claim, under the *Jarkesy* framework, the Seventh Amendment is implicated. The nature of the actions is legal, common-law medical negligence, and the damages sought are monetary only. Plaintiffs are entitled to try their claims to a jury under the Seventh Amendment to the U.S. Constitution.

## II.     Alternatively, the Court Should Use a Jury Verdict as Advisory

F.R.C.P. 52 (a)(1) and 39(c) allow courts to empanel advisory juries so long as the court finds the facts and states its conclusions of law separately. It is within the Court's jurisdiction to then accept or reject the findings of an advisory jury. *Hyde Properties v. McCoy*, 507 F.2d 301, 306 (6th Cir. 1974). Rule 39 specifically contemplates empaneling advisory juries when some—but not all—claims or parties are entitled to a jury trial as a matter of right. *See* F.R.C.P. 39(c)(2). This prevents bifurcation of claims, parties, and trials, and promotes judicial economy.

If the Court is not inclined to grant Plaintiffs a jury trial against all Defendants as a matter of right, empaneling an advisory jury is required under F.R.C.P. 39 due to Plaintiffs' right to jury trial as to St. Joseph Mt. Sterling.

Respectfully Submitted,

/s/Hans G. Poppe
Hans G. Poppe
Scarlette Burton Kelty
THE POPPE LAW FIRM
8700 Westport Road, Suite 201
Louisville, Kentucky 40242
(502) 895-3400
(502) 895-3420 (fax)
**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 20th day of August 2024, I electronically filed the forgoing with the clerk of the court and served a copy upon the following:

Tiffany K. Fleming
Assistant United States Attorney
260 West Vine Street Suite 300
Lexington, KY 40507-2661
(859) 233-2661
Tiffany.Fleming@usdoj.gov

B. Todd Thompson
Lon S. Hays
THOMPSON MILLER & SIMPSON, PLC
734 W. Main Street, Suite 400
Louisville, Kentucky 40202
tthompson@tmslawplc.com
lhays@tmslawplc.com

                                                /s/Hans G. Poppe
                                                Hans G. Poppe
                                                ***Counsel for Plaintiffs***