UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. 5:22-CV-113-KKC-MAS

CHRISTINA HALL,
*Administratrix of the Estate of* W.C.H.,
*et al.*,                                                                                               PLAINTIFFS,

v.                                      **OPINION AND ORDER**

USA, *et al.*,                                                                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion to convert the bench trial to a jury trial (DE 49) filed by Plaintiffs. For the following reasons, the Court will grant the motion in part and deny in part.

After the Court denied a motion to decline jurisdiction and dismiss (DE 34) by Defendants Saint Joseph Health System, Inc. and Saint Joseph Mount Sterling (collectively, "Saint Joseph"), Plaintiffs filed a motion to convert the bench trial to a jury trial. (DE 49.) Plaintiffs argue that they are entitled to a jury trial on both their FTCA claims against the United States as well as their common law medical negligence claims against Saint Joseph. Alternatively, Plaintiffs argue that the Court should accept a binding jury verdict for the common law claims and an advisory verdict for the FTCA claims.

The Government opposes both positions, arguing that neither jury nor advisory jury is appropriate in regard to the litigation and resolution of the FTCA claims. (DE 65.)  Saint Joseph, however, has indicated that it does not have a preference on whether a jury or the Court hears the claims against it. (DE 64 at 1.) Saint Joseph merely notes that, whatever shape the proceedings ultimately take, it would seek to protect its right to apportionment of

1

fault under KRS § 411.182. (*Id.* at 2.)

The case law is clear: Plaintiffs are not entitled to a jury trial on the FTCA claims. Further, conducting a bench trial on those claims would not deprive Plaintiffs of their Seventh Amendment protections. "Indeed, '[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.'" *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). "[A] plaintiff cannot opt for a jury in an FTCA action . . . ." *Carlson v. Green*, 446 U.S. 14, 22 (1980). Accordingly, Plaintiffs are not entitled to a jury trial on the FTCA claims against the United States.

However, Plaintiffs are entitled to a jury trial on their common law medical negligence claims against Saint Joseph. The Seventh Amendment provides a right to a jury trial for causes of action that are "legal in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989). "To determine whether a suit is legal in nature, courts must consider whether the cause of action resembles common law causes of action, and whether the remedy is the sort that was traditionally obtained in a court of law." *SEC v. Jarkesy*, 144 S.Ct. 2117, 2136 (2024). Here, the claims against Saint Joseph are legal in nature because they are common law medical negligence claims and Plaintiffs seek compensatory and/or punitive damages. Thus, Seventh Amendment protections attach and Plaintiffs are entitled to a jury trial on these claims.

The Court also finds that an advisory jury is unnecessary in this matter. The Government correctly notes that it was Congress' intent that the trial judge determines the liability of the United States in cases arising under the FTCA. Considering Plaintiffs are not entitled to a jury for their FTCA claims, an advisory jury would be unhelpful in these circumstances.

The Court is confident that it can work with the parties to minimize inefficiencies and resolve the claims in one proceeding. At the appropriate time, the Court shall confer with the

parties to consider the methodologies necessary to conduct a fair and efficient trial. Thus, the Court hereby ORDERS that the motion to convert the bench trial, scheduled July 14, 2025 in Lexington, Kentucky, to a jury trial (DE 49) is GRANTED IN PART and DENIED IN PART. The Court shall hear Plaintiffs' claims against the United States and a jury shall hear Plaintiffs' claims against Saint Joseph.

This 20th day of November, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3